**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
**VINCENT GIARDINA,**

                                **Plaintiff,**

      -against-

LONG ISLAND RAIL ROAD COMPANY,

                                Defendant.
-------------------------------------------------------------------------X

*COMPRAINT*

*COMPLAINT*

PLAINTIFFS DEMANDS TRIAL BY JURY

Plaintiff, complaining of the defendant by his attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

### FIRST CAUSE OF ACTION

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a conductor in the LIRR Transportation Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, LIRR was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

**JURISDICTION**

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant LIRR to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant LIRR arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers Liability Act, 45 USCA, Chapters 1 and 2.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USC Section 1331.

**LIABILITY**

7. Upon information and belief, at all times hereinafter mentioned, defendant owned, operated, managed, and controlled the railroad yard known as the LIRR West Side Yard, New York, NY, hereinafter WESTSIDE YARD.

8. That at all times hereinafter mentioned, defendant LIRR, by its agents, employees, operated, managed and controlled and directed train movement in and about WESTSIDE YARD.

9. That at all times hereinafter mentioned, defendant owned, operated, managed and controlled the tracks, track clips, ties, ballast, work walkways and the parts and components thereof in and about WESTSIDE YARD.

10. That at all times hereinafter mentioned, plaintiff was climbing off a train ladder of LIRR MU Locomotive 7571 in WESTSIDE YARD.

11. That at all times hereinafter mentioned, defendant managed, and controlled LIRR MU Locomotive 7571, its parts and appurtenances, including its side grab irons and grab bars, and side ladders, and their parts and appurtenances.

12. On December 16, 2018, as plaintiff was climbing off the train ladder and stepping down he was caused to lose his footing because of the unsafe condition of LIRR MU Locomotive 7571 and the unsafe condition the ground of the WESTSIDE YARD and he was caused to sustain the injuries hereinafter set forth.

13. Upon information and belief, the aforesaid occurrence was due to the violation by the LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

14. Upon information and belief, the aforesaid occurrence was due to the violation by the LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA Chapter 203, Sections 20301, 20302 et seq., commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

15. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives,

49 USCA 20701, et. seq., the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

16. Upon information and belief, the aforesaid occurrence was to the violation of the Federal Employers' Liability Act, Chapters 1 & 2 in that the LIRR was careless and negligent, in causing, permitting and allowing an unsafe work place, unsafe grab irons and grab bars, unsafe egress, unsafe conditions of the work walkway area in causing, permitting and allowing the unsafe condition of the ground; in causing, permitting and allowing work walkway area to be, become, and remain improperly inspected, maintained, repaired, unsafe, perilous, hazardous, uneven, and inefficient for the designated use; and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff.

## **INJURIES**

17. That as a result of the foregoing, plaintiff sustained injuries to his left arm and right groin, right hip, back, body and limbs, severe shock to his nervous system and, has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, health care treatment and has and will incur expenses for medical, health care providers and health care treatment; and from time to time, has been, is and will be confined to home as a result thereof; plaintiff has lost, is losing, and will lose time from employment, employment earnings,

and/or employment perquisites; all to his damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for harms, injuries and losses.

## SECOND CAUSE OF ACTION

## THE PARTIES

18.  At all times hereinafter mentioned, plaintiff was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a conductor in the LIRR Transportation Department.

19.  At all times hereinafter mentioned, plaintiff was a LIRR employee in the course and scope of his work from and for the defendant.

20.  Upon information and belief, that at all times hereinafter mentioned, LIRR was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

21.  That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant LIRR to wit., the transportation of interstate commerce.

22. Plaintiff's cause of action against the defendant LIRR arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers Liability Act, 45 USCA, Chapters 1 and 2.

23. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USC Section 1331.

**LIABILITY**

24. Upon information and belief, at all times hereinafter mentioned, defendant owned, operated, managed, and controlled the railroad yard known as the LIRR Johnson Avenue Yard, Jamaica, NY, hereinafter JOHNSON AVENUE YARD.

25. That at all times hereinafter mentioned, defendant LIRR, by its agents, employees, operated, managed and controlled and directed train movement in and about JOHNSON AVENUE YARD.

26. That at all times hereinafter mentioned, defendant owned, operated, managed and controlled the tracks, work walkways and the parts and components thereof in and about JOHNSON AVENUE YARD.

27. That at all times hereinafter mentioned, plaintiff was climbing off of a LIRR M7 MU Locomotive, using the locomotive side ladder and grab irons, in JOHNSON AVENUE YARD.

28. That at all times hereinafter mentioned, defendant managed, and controlled the above mentioned LIRR MU M7 locomotive, its parts and appurtenances, including its side grab irons and grab bars, and side ladders, and their parts and appurtenances.

29. On February 18, 2021, as plaintiff was climbing off the train, using the side ladder and grab irons, he was caused to slip, twist, lose his footing and balance, because of the unsafe condition of LIRR MU Locomotive side ladder and grab iron and he was caused to sustain the injuries hereinafter set forth.

30. Upon information and belief, the aforesaid occurrence was due to the violation by the LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

31. Upon information and belief, the aforesaid occurrence was due to the violation by the LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Programs, Part A Safety, Chapter 203, Safety Appliances, 49 USCA Chapter 203, Sections 20301, 20302 et seq., commonly known as the Safety Appliances Act, and the rules and regulations promulgated thereunder.

32. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant LIRR, its agents and/or employees of the Federal Employers' Liability Act, Chapters 1 & 2, and Subtitle V, Rail Safety, Part A Safety, Chapter 207, Locomotives, 49 USCA 20701, et. seq., the Locomotive Safety Act, and the rules and regulations promulgated thereunder.

33. Upon information and belief, the aforesaid occurrence was to the violation of the Federal Employers' Liability Act, Chapters 1 & 2 in that the LIRR was careless and negligent, in causing, permitting and allowing an unsafe work place, unsafe work equipment, unsafe grab irons grab bars, and side ladders, unsafe egress, in causing, permitting, and allowing the locomotive, and its parts and appurtenances, to be, become, and remain improperly inspected, maintained, repaired, icy, slippery, perilous and hazardous; and in causing, permitting and allowing trackside ground and walkway area to be, become, and remain improperly inspected, maintained, repaired, unsafe, perilous, hazardous, and inefficient for the designated use; and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff.

## **INJURIES**

34. That as a result of the foregoing, plaintiff sustained injuries to his left knee and back, body and limbs, severe shock to his nervous system and, has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, health care treatment and has and will incur expenses for medical, health care providers and health care treatment; and from time to time, has been, is and will be confined to home as a result thereof; plaintiff has lost, is losing, and will lose  time from employment, employment earnings, and/or employment

8

perquisites; all to his damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for harms, injuries and losses.

WHEREFORE, plaintiff demands judgment against the defendant:

In the FIRST CAUSE OF ACTION in a sum to be determined at jury trial that will fairly and adequately make the plaintiff whole for harms, injuries and losses, together with the costs and disbursements of this action.

In the SECOND CAUSE OF ACTION in a sum to be determined at jury trial that will fairly and adequately make the plaintiff whole for harms, injuries and losses, together with the costs and disbursements of this action.

Dated: New York, New York
November 9, 2021

**FLYNN & LAURIELLO PLLC**
ATTORNEYS AT LAW

*Valerie J Lauriello*

BY_____
VALERIE J. LAURIELLO (VL6192)
Attorney for Plaintiff
Office & P.O. Address
5 Penn Plaza, 23rd Floor
New York, New York 10001
212-896-3812
vjlauriello@mdflynnlaw.com